HENRY ECKERT *v.* THE STATE.

1. CIRCUMSTANTIAL EVIDENCE — CHARGE OF THE COURT.—When the evidence adduced to inculpate the defendant was purely circumstantial, it was error to refuse an appropriate instruction on that character of proof, notwithstanding the *corpus delicti* was proved by positive testimony.

2. SAME — CONFESSIONS. — In a trial for an assault with intent to murder one K., it was in proof that he, while riding a sorrel horse, was shot by some unknown person, and that, later on the same day, the defendant, who had been in pursuit of a sorrel horse which had been stolen from him, stated that he had shot at the man who had taken his horse. Except by inference from this statement and circumstances, it was not in proof that K. was the man to whom the defendant referred. *Held*, that the defendant's statement was not "a confession," but was itself in the nature of circumstantial evidence. Positive proof of the statement, therefore, did not justify the refusal of a proper instruction on circumstantial evidence.

3. EVIDENCE. — If others besides the assaulted party witnessed the assault, their testimony was primary evidence of it, and was competent without accounting for the non-production of the assaulted party.

APPEAL from the District Court of Llano. Tried below before the Hon. W. A. BLACKBURN.

The testimony in this case was elicited from many witnesses, and is elaborate. So far as it involves the rulings of this court, it is sufficiently summed up in the opinion, and no purpose would be served by a detailed account of it.

It was in proof that the appellant was greatly incensed at the theft of his favorite horse, and started in hot pursuit immediately on ascertaining his loss. His neighbors, who had known him since his birth, gave him a most exemplary character in all respects. The jury assessed his punishment at two years in the penitentiary.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Clark, J. The evidence in this case cannot be regarded as anything but circumstantial, in so far as it tended to identify the appellant with the transaction. Apart from the evidence establishing the *corpus delicti*, which is of a positive character, the remainder tends to the establishment of independent facts, from which the main fact, to wit, the guilt of the appellant, must have been inferred.

A confession of guilt, it has been held, partakes of the nature of positive rather than circumstantial testimony. But we find no such confession in the statement of facts before us. The testimony of a witness for the State, and also of one of the witnesses for the defence, is to the effect that, on the day the assaulted party was injured, the appellant had declared that he had "shot after the man that rode his horse." This is by no means tantamount to an admission that he had committed the deed for which he was then on trial, and it was only by a process of inference that the jury could so conclude.

The chain of facts leading to this conclusion may be thus solved: The appellant, on the night before the assault, lost a sorrel horse. On ascertaining his loss, on the next morning, he followed the trail in pursuit of the thief, and upon coming in view and range of the supposed thief, he shot at him. Kloepper, the injured party, was on that morning riding a sorrel horse, and was shot by some un-

known person; therefore the appellant must have been the person who shot Kloepper. There is nothing in the record which establishes that the appellant shot at the supposed thief in the same locality in which Kloepper was shot.

The evidence, in so far as it intended to fix guilt upon appellant, was wholly circumstantial, and the instruction requested by him as to the force and effect of such evidence was pertinent to the case, and should have been given. *Harrison* v. *The State*, 6 Texas Ct. App. 42; *Hunt* v. *The State*, 7 Texas Ct. App. 212; *Heath* v. *The State*, 7 Texas Ct. App. 464; *Smith* v. *The State*, 7 Texas Ct. App. 382.

The other errors assigned are not deemed material, or likely to arise upon another trial. It was not absolutely incumbent upon the prosecution to produce the witness Kloepper, or to show that his evidence was not attainable. It is apparent that his testimony could not have varied materially from that of his two companions who testified upon the trial, and the rule of evidence invoked was therefore inapplicable.

Because the court failed to charge the law applicable to the case, as requested, the judgment is reversed and the cause remanded.

*Reversed and remanded.*